**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SCOTT ROGERS, on behalf of himself and
others similarly situated,

              Plaintiff,

     v.

CHW GROUP, INC. d/b/a CHOICE HOME
WARRANTY

              Defendant.

Case No. 1:21-cv-00226

Judge:  Hon. Paul L. Maloney

---

## DEFENDANT CHW GROUP, INC.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant CHW Group, Inc., d/b/a Choice Home Warranty ("CHW"), by and through its counsel, respectfully moves to dismiss the First Amended Complaint (ECF No. 7, "FAC") filed by Plaintiff Scott Rogers ("Plaintiff") in the above-captioned litigation in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, to strike the class and certain other deficient allegations from the FAC pursuant to Fed. R. Civ. P. 12(f) and 23.  In support, CHW states as follows:

1.       In his FAC, Plaintiff purportedly seeks relief, on behalf of himself and six redundant and ill-defined nationwide putative classes, under Sections 227(b)[1] and 227(c)[2] of the Telephone Consumer Protection Act (47 U.S.C. §§227, *et seq*., the "TCPA").  Plaintiff's claims are based on calls and text messages that he allegedly received on his cellular phone that, according to him, were

---

[1] Counts I through IV.  Counts I and II relate to alleged prerecorded voice use.  Counts III and IV relate to alleged ATDS use.  All four Counts invoke 47 U.S.C. §227(b)(1)(A)(iii).

[2] Counts V and VI.  Count V relates to alleged violations of the National "Do Not Call" ("DNC") Registry.  Count VI relates to violations of the TCPA's "internal" DNC list requirements.

initiated by someone using an "automatic telephone dialing system" ("ATDS") and/or a "prerecorded voice" without his consent.  Plaintiff fails to state a claim under the TCPA or to allege sufficient facts in support of such a claim, and thus his FAC should be dismissed, for several reasons.

2.      The relevant allegations that Plaintiff offers in support of his ATDS claims—namely, whether the at-issue calls and texts were initiated by someone using a device that uses a random or sequential number generator, which the U.S. Supreme Court recently held is a "necessary feature" of an ATDS—are merely conclusory, speculative, unsupported, and pleaded solely "upon information and belief."  The Sixth Circuit has consistently held that such bald allegations do not meet federal pleadings standards.  Plaintiff's ATDS allegations are also plainly contradicted by others suggesting that the at-issue calls and texts were directly targeted at and personal to him, which myriad courts have found does not support, and instead weighs against, an inference of ATDS use.

3.      Plaintiff's conclusory ATDS and "prerecorded" voice allegations are further belied by other contradictory allegations in the FAC suggesting that Plaintiff only spoke with live persons, which courts have also held does not support an inference of ATDS or prerecorded voice use.

4.      Because his ATDS and prerecorded voice allegations fail, Plaintiff's "express consent" allegations, which amount to nothing more than legal argument and conclusions and not facts, are irrelevant and thus Counts I through IV should be dismissed.  But, in any event, Plaintiff's allegations also indicate that he indeed provided the requisite "consent" to receive the at-issue calls and texts and that he did not "clearly" and unambiguously revoke his consent, as required under the TCPA.  Therefore, Counts I through IV should be dismissed in their entirety for all of these reasons.

5.      Plaintiff's claims under the TCPA's DNC provisions fail because, *inter alia*, (i) he did not allege that he is a "residential telephone subscriber" who "registered his [own] number" on the National DNC Registry as required to state such a claim; (ii) the at-issue calls and texts did not

constitute a "telephone solicitation" within the meaning of the TCPA in this case (and he consented to receiving them in any event, as discussed above[3]) as required; and (iii) his allegations regarding CHW's "internal" DNC policies and procedures are likewise conclusory and ultimately do not support such a claim.  Therefore, Counts V and VI should also be dismissed in their entirety.

6.     At the minimum, Counts II and IV should be also dismissed because they are entirely redundant to and duplicative of Counts I and III.   Counts I and II improperly seek the same relief for the same alleged violations under the same TCPA subsection with respect to alleged prerecorded voice use, as do Counts III and IV with respect to alleged ATDS use.  Therefore, Counts II and IV should be dismissed under Rule 12(b)(6), or stricken under Rule 12(f), for this additional reason.

7.     Should the Court decide not to dismiss the FAC in whole or in part for any reason, the Court should nevertheless strike Plaintiff's redundant and facially-uncertifiable proposed class definitions and other class-related allegations (*see* PageID.83-84, ¶ 202 and PageID.85-87, ¶¶ 203-216[4] and various other immaterial and impertinent allegations having nothing to do with Plaintiff's claims in this case (*e.g.*, PageID.51-52, ¶¶ 5-6; PageID.79-81, ¶¶ 181-185; PageID.71-76, ¶¶ 137-154) from the FAC pursuant to Fed. R. Civ. P. 12(f) and 23 before the Court and parties waste needless time and effort in discovery relating to such plainly deficient and improper allegations.

8.     The relief CHW seeks is based on this Motion, the argument and authorities presented in the accompanying Brief in Support hereof which is incorporated herein by reference,

---

[3] CHW also requests dismissal of Counts I through VI,  in the alternative, pursuant to Fed. R. Civ. P. 12(b)(1) to the extent Plaintiff lacks Article III standing and, therefore, this Court lacks federal subject matter jurisdiction, because his allegations indicate that he consented to the at-issue calls and text messages and consequently he did not suffer a concrete and particularized "injury-in-fact."

[4] Plaintiff's class allegations should be stricken because his proposed classes are impermissibly "fail-safe," overbroad, vague, and redundant, and because common questions of law or fact do not predominate and thus individualized determinations would be required.  Therefore, the proposed classes are facially uncertifiable and, as such, properly stricken.  And with all of his proposed classes properly stricken, all other class-related allegations are immaterial and should be stricken.

all documents and information subject to judicial notice, all other pleadings and papers filed or to be filed in this action (including any exhibits or declarations), and any argument or additional briefing that may be presented to the Court if the Court orders a hearing on this Motion.

9.      In accordance with LCivR 7.1(d), counsel for CHW attempted to obtain concurrence from opposing counsel.  Opposing counsel indicated via email that this Motion is opposed.

WHEREFORE, for all the foregoing reasons and such other reasons as may be presented to the Court, Defendant CHW Group, Inc. respectfully requests that the Court enter an order granting this Motion and dismissing the FAC in its entirety or, in the alternative striking the improper allegations identified above, along with granting all other relief the Court deems just and proper.


Dated: June 8, 2021                        Respectfully submitted,


                                           By: /s/ A. Paul Heeringa

                                               John W. McGuinness (*pro hac vice* to be
                                               requested)
                                               A. Paul Heeringa
                                               MANATT, PHELPS & PHILLIPS, LLP
                                               151 N. Franklin, Suite 2600
                                               Chicago, Illinois  60606
                                               Telephone: (312) 529-6308
                                               Email: jmcguinness@manatt.com
                                                       pheeringa@manatt.com

                                               *Attorneys for Defendant CHW Group,*
                                               *Inc., d.b.a. Choice Home Warranty*

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that, on  June 8, 2021, the foregoing document was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's electronic docket.


<u>/s/ *A. Paul Heeringa*</u>

A. Paul Heeringa