IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT ROGERS, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY<br><br>    Defendant. | Case No. 1:21-cv-00226<br><br>Judge:  Hon. Paul L. Maloney |

### DEFENDANT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT

Defendant CHW Group, Inc., d/b/a Choice Home Warranty ("Defendant"), by and through its undersigned counsel, hereby respectfully submits this unopposed motion for an extension of time to answer, move, or otherwise respond to Plaintiff's Second Amended Complaint (ECF No. 14., "SAC") in the above-referenced matter, to and including **July 27, 2021**.  In support thereof, Defendant states as follows:

1. Plaintiff Scott Rogers ("Plaintiff") filed his original Complaint in this matter on March 9, 2021.  *See* ECF No. 1.  A Summons was issued on March 15, 2021.  *See* ECF No. 4.

2. Plaintiff served Defendant with process on March 29, 2021 through its registered service agent.  By operation of Fed. R. Civ. P. 12(a)(1)(A)(i), therefore, Defendant's deadline to answer, move, or otherwise respond to the original Complaint was April 19, 2021.

3. Because Defendant had just retained litigation counsel, so that the parties could explore a possible extra-judicial resolution, and for other good cause shown, Defendant moved for, with Plaintiff's agreement, a thirty (30) day extension of time to respond to the original Complaint on April 14, 2021, which the Court granted the following day.  *See* ECF Nos. 5 and 6.

Thus, Defendant's initial responsive pleading deadline was extended to May 19, 2021. *Id.*

4. On May 18, 2021, Plaintiff filed his First Amended Complaint ("FAC"), with Defendant's consent. *See* ECF No. 7. By operation of Fed. R. Civ. P. 15(a)(3), therefore, Defendant's deadline to answer or otherwise respond to the FAC was June 1, 2021.

5. On May 27, 2021, Defendant's counsel, with the knowledge and approval of Plaintiff's counsel, filed an unopposed motion to extend the foregoing deadline by seven (7) days, to and including June 8, 2021, which the Court granted the same day. *See* ECF Nos. 8 and 9.

6. On June 8, 2021, Defendant timely filed a motion to dismiss and/or strike the class allegations from the FAC, and a corresponding brief in support thereof. *See* ECF Nos. 10 and 11.

7. On June 11, 2021, the Court issued an order "granting Plaintiff leave to file an amended complaint, as allowed by **Rule 15(a)(1)(B)** of the Federal Rules of Civil Procedure,"[1] and required Plaintiff to do so "within twenty-one days after Defendant filed its motion to dismiss" or strike – *i.e.,* by June 29, 2021. ECF No. 13 at 1-2 (emphasis added).

8. Plaintiff filed his SAC on June 29, 2021. ECF No. 14. By operation of Fed. R. Civ. P. 15(a)(3), therefore, Defendant's deadline to answer or otherwise respond to the SAC is *presently* July 13, 2021.

9. Due to unavoidable scheduling conflicts that have arisen (including for other clients/matters and personal matters) also requiring their immediate attention over the course of

---

[1] Rule 15(a)(1)(B) permits Plaintiff to amend *once* as a matter of course without Defendant's consent within 21 days after service of a motion under Rule 12(b) or (f) <u>or</u> 21 days after service of a responsive pleading, whichever is earlier. Because Plaintiff had already amended with his FAC, however, Defendant respectfully submits that *Rule 15(a)(2)* would apply, which provides that "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Therefore, because Plaintiff did not seek consent from Defendant or ask the Court for leave to file a SAC, Defendant respectfully submits that the SAC is not procedurally proper and reserves the right to address that issue later.

the next few weeks, and since Plaintiff's still quite lengthy and complex SAC substantially changes Plaintiff's theory of liability in this case, Defendant's counsel require additional time to complete their investigation of Plaintiff's claims, prepare the necessary and appropriate responsive pleadings(s), and (if appropriate) attempt to reach an extra-judicial resolution with Plaintiff, which may obviate the need for responding altogether, without incurring additional legal expenses.

10. Given the foregoing, Defendant seeks a modest extension of time of <u>fourteen (14) days</u>, to and including <u>July 27, 2021</u>, to answer, move, or otherwise respond to the Amended Complaint.

11. On July 7 and 8, 2021, the undersigned counsel conferred with counsel for Plaintiff regarding this Motion via email prior to filing it, in accordance with Local Rule 7.1(d), who indicated to Defendant's counsel in writing on July 9, 2021 that Plaintiff does not oppose the requested 14-day extension.

12. Good cause exists for granting Defendant's request for at least the reasons stated above. Moreover, the requested extension will promote efficiency and judicial and party economy. And since this matter was just recently filed and is in its early stages, Plaintiff is in agreement, and there are no other parties to this case, the requested extension will not result in any prejudice nor impact the timely resolution of this case. For these reasons, this Motion should be granted.

13. The foregoing request is not being made for the purpose of delay, is being made for the purpose of judicial and party economy, and will not prejudice any party to this action.

14. In seeking the foregoing extension, Defendant does not waive, and expressly reserves, all defenses relating to the SAC, including jurisdictional defenses.

WHEREFORE, Defendant CHW Group, Inc. respectfully requests that this Court enter an order (i) granting Defendant an enlargement of time to answer, move, or otherwise respond to the

Second Amended Complaint (ECF No. 14) in this action **to and including July 27, 2021**; and (ii) granting all other relief the Court deems just and proper.  A proposed order is being submitted herewith.

Dated: July 9, 2021                                             Respectfully submitted,

                                                                By:  /s/ A. Paul Heeringa

                                                                John W. McGuinness (*pro hac vice* to be requested)
                                                                A. Paul Heeringa[2]
                                                                MANATT, PHELPS & PHILLIPS, LLP
                                                                151 N. Franklin, Suite 2600
                                                                Chicago, Illinois  60606
                                                                Telephone: (312) 529-6308
                                                                Email: jmcguinness@manatt.com
                                                                         pheeringa@manatt.com

                                                                *Attorneys for Defendant*

---

[2] Admitted to the Illinois State Bar, Number 6288233.  Permanently admitted to the Western District of Michigan.

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(d)

I hereby certify that, in accordance with Local Rule 7.1(d), I met and conferred in good faith with counsel for Plaintiff prior to filing the foregoing motion, who indicated in writing that Plaintiff does not oppose the relief sought by Defendant therein.

/s/ *A. Paul Heeringa*
A. Paul Heeringa

## CERTIFICATE OF SERVICE

I hereby certify that, on July 9, 2021, the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.

/s/ *A. Paul Heeringa*
A. Paul Heeringa
