IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT ROGERS, on behalf of himself and others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY<br><br>　　　　　　Defendant. | Case No. 1:21-cv-00226<br><br>Judge: Hon. Paul L. Maloney |

**DEFENDANT CHW GROUP, INC.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant CHW Group, Inc., d/b/a Choice Home Warranty ("CHW") respectfully moves to dismiss the Second Amended Complaint (ECF No. 14, "SAC") filed by Plaintiff Scott Rogers ("Plaintiff") in the above-captioned matter in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, in the alternative, to strike the class and certain other deficient allegations from the SAC pursuant to Fed. R. Civ. P. 12(f) and 23.  In support, CHW states as follows:

1.　　In his SAC, Plaintiff purportedly seeks relief, on behalf of himself and five redundant and ill-defined nationwide putative classes, under Sections 227(b)[1] and 227(c)[2] of the Telephone Consumer Protection Act (47 U.S.C. §§227, *et seq*., the "TCPA").  Plaintiff's claims are based on calls and text messages that he allegedly received on his cellular phone that, according to him, were initiated by someone using "prerecorded voice" without his consent and in violation of the TCPA's

---

[1] Counts I and II, which relate to alleged prerecorded voice use under 47 U.S.C. §227(b)(1)(A)(iii).

[2] Counts IV and V.  Count IV relates to alleged violations of the TCPA's National "Do Not Call" ("DNC") Registry rules.  Count V relates to violations of the TCPA's "internal" DNC list requirements.  There is no Count III, which related to Plaintiff's now-abandoned ATDS claims.

1

DNC provisions.  But Plaintiff fails to demonstrate standing to bring a TCPA claim under Article III of the United States Constitution, to state a plausible claim for relief under the TCPA, or to allege sufficient facts in support of such a claim.  Thus, the SAC should be dismissed for several reasons.

2.     For starters, Plaintiff fails to allege an "injury in fact" under Article III of the Constitution, and thus the <u>entire</u> SAC should be dismissed under Rule 12(b)(1) for lack of federal subject matter jurisdiction, because (i) he consented to receiving the at-issue calls and texts, according to his pleaded allegations; (ii) he did not receive any prerecorded calls, as extrinsic evidence shows;[3] and (iii) he concedes that CHW had an internal DNC policy in place at the time.

3.     The entire DAC should also be dismissed under Rule 12(b)(6).  In this regard, Plaintiff's "prerecorded voice" allegations in Counts I and II of the SAC are conclusory and unsupported, do not support an inference that Plaintiff received any prerecorded call, are directly contradicted by other allegations in the SAC and in his prior pleadings,[4] and instead support a contrary inference that Plaintiff only received live calls and texts.  Further, because his prerecorded voice allegations fail, Plaintiff's "express consent" allegations, which amount to nothing more than legal argument and conclusions and not facts, are irrelevant and thus Counts I and II of the FAC should be dismissed for this reason as well.  And in any event, Plaintiff's allegations also indicate that he indeed provided the requisite "consent" to receive the at-issue calls and texts and that he did not "clearly" and unambiguously revoke his consent, as required under the TCPA.  Therefore, Counts I and II should be dismissed in their entirety under Rule 12(b)(6) for all of these reasons.

---

[3] As discussed in the accompanying Brief, the Court may properly consider extrinsic evidence when considering CHW's factual challenge to the Court's federal subject matter jurisdiction.

[4] As discussed in the accompanying Brief, the Court may properly consider Plaintiff's prior allegations in his original pleadings when determining the plausibility of the allegations his SAC, and need not accept contradictory allegations in his SAC as true.

2

4. Plaintiff's claims under the TCPA's DNC provisions also fail because, *inter alia*, (i) the at-issue calls and texts did not constitute a "telephone solicitation" within the meaning of the TCPA in this case (and he consented to receiving them in any event, as discussed above); and (ii) his allegations regarding CHW's "internal" DNC policies are likewise conclusory and ultimately do not support such a claim. Therefore, Counts IV and V should also be dismissed in their entirety.

5. At the minimum, Count II should be dismissed because it is entirely redundant to and duplicative of Count I. Indeed, Counts I and II improperly seek the same relief for the same alleged violations under the same TCPA subsection with respect to alleged prerecorded voice use. Count II should be dismissed under Rule 12(b)(6), or stricken under Rule 12(f), for this additional reason. And since the SAC represents Plaintiff's third failed attempt to plead a plausible TCPA claim, and he cannot plead standing even if allowed to replead, the SAC should be dismissed <u>with prejudice</u>.

6. Should the Court decide not to dismiss the SAC in whole or in part for any reason, the Court should nevertheless strike Plaintiff's redundant and facially-uncertifiable proposed class definitions and other class-related allegations (*see* PageID.183, ¶ 178 and PageID.183-186, ¶¶ 179-192)[5] and various other immaterial and impertinent allegations having nothing to do with Plaintiff's claims in this case (*e.g.*, PageID.153-154, ¶¶ 5-6; PageID.178-181, ¶¶ 159-163; and PageID.170-175, ¶¶ 111-130) pursuant to Rules 12(f) and 23 before the Court and parties waste needless time and effort in discovery relating to such plainly deficient and improper allegations.

7. The relief CHW seeks is based on this Motion, the argument and authorities presented in the accompanying Brief in Support hereof which is incorporated herein by reference,

---

[5] Plaintiff's class allegations should be stricken because, *inter alia*, his proposed classes are impermissibly "fail-safe," overbroad, vague, and redundant, and common questions of law or fact do not predominate and thus individualized determinations would be required. Thus, the proposed classes are facially uncertifiable and, as such, properly stricken. And with all of his proposed classes properly stricken, all other class-related allegations are immaterial and should be stricken.

all documents and information subject to judicial notice, all other pleadings and papers filed or to be filed in this action (including any exhibits or declarations), and any argument or additional briefing that may be presented to the Court if the Court orders a hearing or further briefing on this Motion.

8. The attached declaration of Brian Tretter is incorporated herein by reference.

9. In accordance with LCivR 7.1(d), counsel for CHW attempted to obtain concurrence from opposing counsel. Opposing counsel indicated via email that this Motion is opposed.

WHEREFORE, for all the foregoing reasons and such other reasons as may be presented to the Court, Defendant CHW Group, Inc. respectfully requests that the Court enter an order granting this Motion and dismissing the SAC in its entirety and with prejudice[6] or, in the alternative striking the improper class and other allegations identified above, along with granting CHW all other relief the Court deems just and proper.

Dated: July 27, 2021　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　By: /s/ A. Paul Heeringa

　　　　　　　　　　　　　　　　　　　　　　　John W. McGuinness (*pro hac vice* to be requested)
　　　　　　　　　　　　　　　　　　　　　　　A. Paul Heeringa
　　　　　　　　　　　　　　　　　　　　　　　MANATT, PHELPS & PHILLIPS, LLP
　　　　　　　　　　　　　　　　　　　　　　　151 N. Franklin, Suite 2600
　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 529-6308
　　　　　　　　　　　　　　　　　　　　　　　Email: jmcguinness@manatt.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　pheeringa@manatt.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant CHW Group, Inc., d.b.a. Choice Home Warranty*

---

[6] To the extent the Court is not inclined to dismiss with prejudice, and it should do so for all the reasons above, CHW respectfully requests a dismissal without prejudice.

5

## CERTIFICATE OF SERVICE

I hereby certify that, on July 27, 2021, the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.

/s/ *A. Paul Heeringa*
A. Paul Heeringa