IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT ROGERS, on behalf of himself and others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:21-cv-00226 |
| CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY | Judge: Hon. Paul L. Maloney |
| Defendant. | |

**DEFENDANT CHW GROUP, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE DECLARATION OF SAM KATZ [ECF NO. 26]**

**INTRODUCTION**

Plaintiff filed the Declaration of Sam Katz (ECF No. 26, "Katz Declaration") in support of his Opposition to CHW's Motion to Dismiss and/or Strike Plaintiff's Second Amended Complaint ("Motion") *two months* after the Opposition was filed, nearly two months after the Motion was fully briefed, but without leave of Court and in clear violation of this Court's Local Rules and the Federal Rules of Civil Procedure. The Western District of Michigan's Local Rules expressly require a party opposing a dispositive motion to file an opposition brief and *any supporting documents* within 28 days of service of CHW's dispositive motion—which, was on July 27, 2021. Plaintiff failed to do so here.

Further, the Federal Rules of Civil Procedure and this Court's Local Rules do not permit the filing of sur-replies without first requesting leave of court, which is effectively what the Katz Declaration is.[1] Even then, leave to file a sur-reply is granted only in rare cases where required to afford a party an opportunity to address new issues first raised in a *reply* brief and not (as Plaintiff has done here) offered to rebut something in the opening motion. The Katz Declaration fails on both fronts and should be stricken for several reasons:

**First**, Plaintiff filed the Katz Declaration—which notably includes allegations of prerecorded messages that Mr. Katz purportedly received *predating* Plaintiff's deadline to respond to the CHW's Motion (*see* ECF No. 26, PageID.345, ¶ 9 (alleging March 16, 2021 call with prerecorded message)) —well beyond 28 days after service of CHW's dispositive Motion and two

---

[1] Even a cursory review of PACER reveals that Mr. Katz is a serial TCPA litigant, having filed numerous TCPA complaints across the country against many defendants. This self-serving declaration reads as if he is a retained expert and was seemingly written by Plaintiff's counsel, and it is nothing more than hearsay argument from a lay witness with no involvement this case.

1

months after Plaintiff filed his Opposition to CHW's Motion, clearly in violation of W.D. Mich. LCivR 7.2(c). It should be stricken for this reason alone.

**Second**, Plaintiff failed to seek leave of court before filing the Katz Declaration as required by this Court's Local Rules and the Federal Rules of Civil Procedure prior to submitting a supplemental filing.

**Third**, even if it were timely (and it plainly is not), a sur-reply (which, again, is what the Katz Declaration is effectively) is improper in this case in any event because the Katz Declaration does not even attempt to address issues first raised in CHW's Reply in Support of its Motion (*see* ECF No. 22), which is the only proper use of a sur-reply. Rather, it purports to rebut a declaration filed in support of CHW's *initial* Motion, filed prior to Plaintiff filing his Opposition to the Motion.

Accordingly, Defendant moves to strike Plaintiff's supplemental filing because Plaintiff could have, and indeed should have, raised the arguments with his Opposition to CHW's Motion.

## RELEVANT BACKGROUND

Plaintiff filed his putative class action Second Amended Complaint (ECF No. 14, "SAC") on June 29, 2021. In response, and after an agreed extension, CHW filed its Motion to Dismiss and/or Strike Plaintiff's Second Amended Complaint on July 27, 2021 (ECF Nos. 18, 19, "Motion"). In partial support of its Rule 12(b)(1) standing arguments in the Motion (*see* PageID.220), CHW also filed the Declaration of Brian Tretter (ECF No. 20, "Tretter Declaration"), who is CHW's general counsel, stating in pertinent part: (i) "CHW does not make any outbound calls using an 'artificial or prerecorded' voice message, as alleged in the SAC" and (ii) "I have verified that Plaintiff did not receive any artificial or prerecorded voice messages from CHW." PageID.246 at ¶¶ 6-7. Plaintiff filed his Opposition to the Motion on August 24, 2021 (*see* ECF No. 21). CHW filed its Reply in support of its Motion on September 7, 2021 (ECF No. 22).

2

Without permission of the Court, on October 27, 2021, Plaintiff filed the Katz Declaration, which purports to rebut statements made in the Tretter Declaration. Specifically, Mr. Katz (a third party lay witness unrelated to this case) claims that the statement that CHW "does not make any outbound calls using an 'artificial or prerecorded' voice" is false because he has purportedly received "numerous pre-recorded and artificial voice calls from or ***associated with*** Choice Home Warranty" beginning as early as March 2020. Page.ID344, at ¶¶ 4-6 (emphasis added).[2]

## ARGUMENT

This Court should strike the Katz Declaration because it was filed without leave of court two months after Plaintiff filed his Opposition to CHW's Motion (and well beyond 28 days after service of the Motion), and therefore constitutes an untimely and unauthorized supplemental filing and/or sur-reply in violation of the Federal Rules of Civil Procedure and the Western District of Michigan's Local Civil Rule 7.2(c).

Local Civil Rule 7.2(c) states, "Unless otherwise ordered, any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief ***and any supporting materials***." (emphasis added). Pursuant to this Rule, "plaintiffs are not entitled to file unlimited responses and replies months after [a] defendant file[s] [a] motion to dismiss." *Bell v. Restuccia*, 2008 WL 3539280, at *2 (W.D. Mich. Aug. 8, 2008) (striking plaintiff's additional responses to defendant's motion to dismiss as unauthorized and untimely under W.D. Mich. LCivR 7.2(c)). "T]he district court does not have to accept every filing submitted by a party." *Harshaw v. Bethany Christian Servs.*, 2010 WL 610262, at *1 (W.D. Mich. Feb. 19, 2010); *see also K Kim v. U.S. Dep't of Lab.*, 2007 WL 4468723, at *1 (W.D. Mich. Dec. 12, 2007), *report and*

---

[2] A call from someone "associated with" CHW is not the same as CHW itself making an outbound call, and this could have been from a third party. Thus, the Katz Declaration is of no moment.

3

*recommendation adopted*, 2008 WL 696469 (W.D. Mich. Mar. 12, 2008) ("The court rules do not authorize plaintiff to file supplemental briefs at his pleasure.") (citing W.D. Mich. LCivR 7.2)).

"It is well-established that parties do not have a right to file a sur-reply brief, whether under the Federal Rules of Civil Procedure or the Local Civil Rules of our district, and both this court and other federal courts rarely grant leave to file a surreply." *Moore v. Westcomb*, 2021 WL 2383725, at *1 n.2 (W.D. Mich. Apr. 8, 2021), *report and recommendation adopted*, 2021 WL 1851130 (W.D. Mich. May 10, 2021) (citing *Aslani v. Sparrow Health Sys.*, 2009 WL 3711602, at *22 (W.D. Mich. Nov. 3, 2009)); *Miles v. Rink*, 2021 WL 2019765, at *1 n.2 (W.D. Mich. Apr. 15, 2021), *report and recommendation adopted*, 2021 WL 2018315 (W.D. Mich. May 20, 2021) (same); *Harshaw*, 2010 WL 610262, at *1 (same); *Tucker v. Corizon Corr. Healthcare, Inc.*, 2021 WL 1589228, at *1 n.2 (W.D. Mich. Jan. 19, 2021), *report and recommendation adopted*, 2021 WL 1037684 (W.D. Mich. Mar. 18, 2021) (same).

Even where a party has good cause for failing to raise the supplemental information earlier, the proper procedure is to first request leave of court prior to or contemporaneously with the filing of the intended supplement, rather than simply filing the supplement unilaterally. *Harshaw*, 2010 WL 610262, at *1. "This is true even where the party seeking to file the supplemental brief has new authority or evidence that was not available to him in the exercise of reasonable diligence when it filed the briefs allowed by the Rules." *Id*.

Here, Plaintiff filed the Katz Declaration without first requesting leave of court two months after filing his Opposition to CHW's Motion (and well beyond 28 days after service of the Motion). *See* ECF No. 26. The Katz Declaration should be stricken on this basis alone. *See, e.g., Jones v. Northcoast Behav. Healthcare Sys.*, 84 F. App'x 597, 599 (6th Cir. 2003) (affirming district court's decision to strike supplemental brief and stating, "[plaintiff] had a deadline to submit a response.

4

[Plaintiff] filed a response and [Defendant] took the time to file a reply. The case was ready for a decision. [Plaintiff] had no authority to file supplemental briefings."); *Moore*, 2021 WL 2383725, at *1 n.2 (striking sur-reply for failing to request leave of court prior to filing); *Miles*, 2021 WL 2019765, at *1 n.2 (same); *Tucker*, 2021 WL 1589228, at *1 (same); *Harshaw*, 2010 WL 610262, at *1 (striking supplemental filing for failing to request leave of court); *Kim*, 2007 WL 4468723, at *1 (ruling similarly).

In any event, a sur-reply is not warranted in this case because the Katz Declaration does not even address issues first raised in CHW's Reply in support of its Motion. Indeed, the "evidence" set forth in the Katz Declaration—which reads like an expert report from a lay witness and is pure hearsay—purports to rebut a declaration filed by CHW to support its **Motion**, not information first raised by CHW in its Reply. *See Miles*, 2021 WL 2019765, at *1 n.2 ("The Court may grant leave to file a sur-reply to afford a party an opportunity to address new issues ***raised for the first time in the reply***.") (emphasis added)); *Moore*, 2021 WL 2383725, at *1 n.2 (same). Moreover, this information was available to Plaintiff prior to the filing his Opposition to the Motion. *See* ECF No. 26, PageID.345-346, ¶¶ 8, 9, 16, 20 (stating Katz allegedly received pre-recorded calls "from or associated with" CHW as early as March 2020). Thus, the Katz Declaration should be stricken for this additional reason.[3]

## **CONCLUSION**

For all the reasons above, this Motion should be granted and the Declaration of Sam Katz should be stricken.

---

[3] In the event Plaintiff belatedly requests leave to file the Katz Declaration, leave should not be granted because the Katz Declaration does not purport to address new issues first raised in CHW's Reply. *See Miles*, 2021 WL 2019765, at *1 n.2. In other words, it should have been filed, if at all, when Plaintiff filed his Opposition brief on August 24, 2021. *See* ECF No. 21. It was not.

Dated: December 6, 2021                                             Respectfully submitted,

By: /s/ A. Paul Heeringa

John W. McGuinness (*pro hac vice* to be requested)
A. Paul Heeringa
MANATT, PHELPS & PHILLIPS, LLP
151 N. Franklin, Suite 2600
Chicago, Illinois  60606
Telephone: (312) 529-6308
Email: jmcguinness@manatt.com
       pheeringa@manatt.com

*Attorneys for Defendant CHW Group, Inc., d.b.a. Choice Home Warranty*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(b)(i)

I hereby certify that, in accordance with LCivR 7.3(b)(i), the foregoing supporting non-dispositive motion brief contains **1,668** words, include headings, footnotes, citations and quotations, but not including the case caption, cover sheets, table of contents, table of authorities, the signature block, attachments (including this certificate), exhibits, and affidavits.  The brief was generated using Microsoft Word, Office 2019 Edition.

/s/ *A. Paul Heeringa*
A. Paul Heeringa


## CERTIFICATE OF SERVICE

I hereby certify that, on  December 6, 2021, the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket.

/s/ *A. Paul Heeringa*
A. Paul Heeringa